**Kirk DENTON and Virginia M. Ward, Plaintiffs**

v.

**Anthony MCKEE, Peter Barton, Stephanie Mauro and the Town of Beekman, Defendants**

**No. 01 CIV. 5071(SCR).**

United States District Court, S.D. New York.

Aug. 24, 2004.

---

Jonathan Lovett, Lovett & Gould, Esqs., White Plains, NY, for Plaintiffs.

Jessica Teplitz, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York, NY, for Plaintiffs/Defendants.

## MEMORANDUM DECISION AND ORDER

ROBINSON, District Judge.

### I. *BACKGROUND:*

Kirk Denton ("Mr. Denton") and Virginia Ward ("Ms. Ward"; collectively, Mr.

Denton and Ms. Ward are referred to herein as, the "Plaintiffs") commenced this action against Anthony McKee ("Mr. McKee"), Peter Barton ("Mr. Barton"), Stephanie Mauro ("Ms. Mauro") and the Town of Beekman (the "Town"; collectively, Mr. McKee, Mr. Barton, Ms. Mauro and the Town are referred to herein as, the "Defendants"). The Plaintiffs complaint (the "Complaint") seeks damages, attorneys' fees and a declaratory judgment stating that the Town's facilities policy (the "Facilities Policy") and an April 20, 2001 directive from Mr. McKee to the Town Clerk are unconstitutional and violative of the Plaintiffs' First Amendment rights.

In January 2000, Ms. Ward and Mr. Denton served as Town Clerk and Deputy Town Clerk, respectively, for the Town. At that time, Mr. McKee was the Town Supervisor and a member of the five-member Town Board, which makes policy for the Town. Mr. Barton and Ms. Mauro were also members of the Town Board. The Plaintiffs made public statements indicating that the Town's government was being incompetently administered by the Defendants, which incompetence included: (1) unfairly granting special privileges; (2) mishandling of the Town's finances; (3) using inefficient operating procedures; (4) illegally holding Town Board meetings; and (5) failing to comply with local government requirements.

The Plaintiffs allege that in response to their public expressions regarding the Town Board's performance, the Defendants reneged on an agreement with Mr. Denton regarding an increase in his salary, refused any salary increase to either of the Plaintiffs and withheld money owed to the Plaintiffs for certain pay periods. The Plaintiffs allege that the Defendants, as members of the Town Board,

further retaliated against them by adopting a resolution to renovate the Town Clerk's office, which allegedly left the Plaintiffs in a cramped workspace. Finally, the Plaintiffs claim that the Defendants, as members of the Town Board, adopted the Facilities Policy, which was directed at unconstitutionally limiting the Plaintiffs' right to free speech. The Facilities Policy in question prohibited town employees from, among other things, engaging in political activity while on the job, displaying personal items in town offices and from posting unauthorized materials on town property.

Prior to commencing any discovery, the Defendants moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted and/or summary judgment pursuant to Federal Rule of Civil Procedure 56 (the "Defendants' Motion"). Because no discovery has been conducted in this matter, this Court declines to treat the Defendants' Motion as a Rule 56 motion and will analyze it pursuant to Rule 12(b)(6).[1] The first argument of the Defendants' Motion is that the Plaintiffs have failed to allege a violation of their First Amendment rights with respect to the Facilities Policy. Second, the Defendants claim that the Plaintiffs fail to state a First Amendment retaliation claim pursuant to 42 U.S.C. § 1983. Third, the Defendants argue that the Plaintiffs fail to state a claim for municipal liability under 42 U.S.C. § 1983. Fourth, the Defendants contend that the Plaintiffs' claims are barred by the doctrines of absolute and/or qualified immunity. Finally, the Defendants submit that the Plaintiffs' pleading of certain facts is so insufficient as to warrant the Complaint defective for the purposes of recovering compensatory and

1. Further, the Defendants failed to comply with Rule 56 of the Local Rules and did not provide a Rule 56.1 Statement with the Defendants' Motion.

punitive damages. The Plaintiffs submitted an opposition to the Defendants' Motion (the "Plaintiffs' Opposition"), contradicting each of the arguments advanced in the Defendants' Motion and the Defendants submitted a reply (the "Reply").

## II. *STANDARD OF REVIEW:*

■ Under Fed.R.Civ.P. 12(b)(6), a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). When reviewing a motion to dismiss under Fed. R.Civ.P. 12(b)(6), the court must accept "as true the facts alleged in the Complaint." *Jackson Nat'l Life Ins. Co. v. Merrill Lynch & Co.*, 32 F.3d 697, 699–700 (2d Cir.1994). The task of the court addressing a Rule 12(b)(6) motion is not to determine the weight of the evidence, but only to assess the legal feasibility of the complaint. *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir.2000). In connection with such inquiry, all reasonable inferences are to be drawn in the plaintiff's favor, which often makes it "difficult to resolve [certain questions] as a matter of law." *In re Independent Energy Holdings PLC*, 154 F.Supp.2d 741, 747 (S.D.N.Y.2001).

## III. *ANALYSIS:*

### A. First Amendment Violations:

The Plaintiffs have alleged two separate First Amendment violations against the Defendants. First, the Plaintiffs argue that the Town's Facilities Policy is an unconstitutional regulation of a non-public forum and an impermissible gag order in violation of the First Amendment. Second, the Plaintiffs contend that the Defendants retaliated against them for exercising their free speech rights. The Defendants have moved to dismiss each of these claims for failure to state a claim upon which relief may be granted.

### 1. *Facilities Policy:*

The Defendants argue that the Plaintiffs have failed to allege a violation of their First Amendment rights with regard to the Facilities Policy. More particularly, the Defendants' Motion contends that the Facilities Policy does not infringe on the Plaintiffs' First Amendment right to free speech because it does not silence topics or ideas; but rather, it prohibits all postings except for official memoranda. The Plaintiffs concede that that the Town Clerk's office is a "non-public forum" for the purposes of a First Amendment analysis. (Plaintiff's Opposition, Page 15). The Supreme Court and the Second Circuit have both held that speech in a non-public forum may be restricted if the restriction is reasonable and does not discriminate against particular viewpoints. *See e.g. Rosenberger v. Rector and Visitors of the Univ. of Va.*, 515 U.S. 819, 828, 115 S.Ct. 2510, 132 L.Ed.2d 700 (1995); *General Media Communications Inc. v. Cohen*, 131 F.3d 273, 279–80 (2d Cir.1997). However, the Second Circuit has cautioned that a restriction on free speech may not be based on opposition to a particular speaker's viewpoint. *Fighting Finest, Inc. v. Bratton*, 95 F.3d 224, 229 (2d Cir.1996)

■ In the case at bar, the Plaintiffs submit that the Facilities Policy is both unreasonable and specifically directed at their viewpoints. More particularly, the Plaintiffs have alleged the following: (1) the Facilities Policy was informally referred to by the Defendants as the "Kirk Denton Resolution"; (2) the Facilities Policy was enacted immediately after the Plaintiffs' posting their opinions and newspaper articles and the Defendants personal removal of those postings; (3) the Facilities Policy affects all Town property, but

when the resolution was offered, Town Hall, where the Plaintiffs' office was located, was specifically mentioned; (4) the day after the Facilities Policy was enacted, the Plaintiffs' office was inspected and two days later the Plaintiffs were ordered to conform with the Facilities Policy; and (5) the Plaintiffs were the only Town employees ordered to comply with the Facilities Policy and other Town employees, who have not complied, were not disciplined or ordered to comply. (Plaintiffs' Opposition at 15–17). The Defendants dispute the above assertions, which may or may not be accurate. (Reply at 5) However, the Defendants have not met their burden of showing that the Plaintiffs have failed to state a claim as a matter of law. The Plaintiffs have, at a minimum, stated a viable claim and prima facie case for a First Amendment violation on the basis that the Facilities Policy is an unreasonable restriction and has been used to discriminate against particular viewpoints—namely, the Plaintiffs' viewpoints. Accordingly, the Defendants' Motion to dismiss the Plaintiffs' First Amendment claim with respect to the Facilities Policy is denied.

### 2. *Retaliation:*

■ The Defendants' second argument is that the Plaintiffs have failed to state a viable First Amendment retaliation claim pursuant to 42 U.S.C. § 1983. In order to sustain a First Amendment retaliation claim, a plaintiff must allege the following three elements: (1) the speech was constitutionally protected; (2) the employer took adverse employment action against the employee; and (3) a causal connection exists between the speech and the adverse employment action such that the speech was a motivating factor in the determination. *Gorman–Bakos v. Cornell Co-op Extension of Schenectady Cty.,* 252 F.3d 545, 553 (2d Cir.2001).

■ With respect to the first element of a First Amendment retaliation claim, in order for a public employee's speech to be deemed 'constitutionally protected' it must relate to "a matter of public concern, and his interest in expressing himself on this matter must not be outweighed by any injury the speech could cause to the interest of the State as an employer, in promoting the efficiency of the public services it performs through its employees." *Waters v. Churchill,* 511 U.S. 661, 668, 114 S.Ct. 1878, 128 L.Ed.2d 686 (1994). In the case at bar, the Plaintiffs' comments expressed the view that the Defendants were incompetently operating the Town's government. Specifically, the Plaintiffs asserted that the Defendants unfairly granted special privileges, mishandled the Town's finances, used inefficient operating procedures, illegally held Town Board meetings and failed to comply with local government requirements, which are all matters of significant public concern. Therefore, the first element of a First Amendment retaliation claim has been adequately pled by the Plaintiffs.

■ An adverse employment action, the second necessary element of a retaliation claim, is characterized as a "discharge, refusal to hire, demotion or refusal to reprimand." *Rutan v. Republican Party of Illinois,* 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990). The Defendants contend that not one of the above examples exists in this case. (Defendants' Motion, Page 9–10). However, the Defendants' argument fails to consider that an "adverse employment action" can extend beyond those examples. The Second Circuit has interpreted "adverse employment action" to also include a reduction in pay. *Lovejoy–Wilson v. NOCO Motor Fuel, Inc.,* 263 F.3d 208, 223 (2d Cir.2001). The Plaintiffs have alleged, among other things, that the Defendants (a) reneged on an agreement

with Mr. Denton regarding an increase in his salary, (b) refused any salary increase to either of the Plaintiffs, and (c) withheld money owed to the Plaintiffs for certain pay periods. For the purposes of a Rule 12(b)(6) motion, these allegations by the Plaintiffs are accepted as true. Thus, the second element of a First Amendment retaliation claim is deemed satisfied for the purposes of the Defendants' Motion.

■ Finally, with respect to the third element of the Plaintiffs' First Amendment retaliation claim, a causal connection, the Plaintiffs have alleged that the retaliation they endured was a direct result of their exercise of their First Amendment rights. As set forth above, the Defendants dispute the existence of a protected right and an adverse employment action. Likewise, the Defendants dispute the existence of causal connection; however, the Plaintiffs have pled the existence of such a connection and the Defendants have not defeated that assertion as a matter of law. Therefore, the Plaintiffs have alleged the third requisite element for a First Amendment retaliation claim.

As set forth above, this Court finds that the Plaintiffs have alleged each of the three necessary elements to sustain a First Amendment retaliation claim. Accordingly, the Defendants' Motion is denied.

## B. MUNICIPAL LIABILITY PURSUANT TO 42 U.S.C. § 1983:

■ The third argument advanced by the Defendants in favor of dismissal is that the Plaintiffs have failed to allege facts sufficient to establish § 1983 liability against the Town. More particularly, the Defendants claim that the Plaintiffs have not asserted that the Town is responsible for the adverse actions allegedly suffered by the Plaintiffs. The Defendants are correct in so far as they contend that a municipality may not be held liable in a § 1983

action under a theory of vicarious liability. However, a municipality may be held liable if the conduct that caused the unconstitutional deprivation of rights was pursuant to, or furthered by, "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Department of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

■ In the case at bar, the Plaintiffs have alleged that the Facilities Policy, which was adopted by the Town on or about May 22, 2001, deprives them of their constitutional right to free speech. The Defendants do not dispute that the Facilities Policy is the official policy of the municipality. Further, the Plaintiffs allege that they were retaliated against for challenging specific Town policies and decisions by Town officials, including without limitation the Facilities Policy. The Defendants' Motion and Reply dispute such allegations; however, on a Rule 12(b)(6) motion, this Court must accept the Plaintiffs' allegations as true. Accordingly, the Plaintiffs have stated a viable § 1983 cause of action against the Town and the Defendants' Motion regarding municipal liability is denied.

## C. ABSOLUTE AND/OR QUALIFIED IMMUNITY:

■ Additionally, the Defendants argue that the Plaintiffs' claims against the Defendants are barred by the doctrines of qualified and absolute immunity. The Second Circuit has held that there is no immunity defense, qualified or absolute, available to a municipality sought to be held liable under § 1983. *Goldberg v. Town of Rocky Hill,* 973 F.2d 70, 74 (2d Cir.1992). As set forth in Section III(B) above, this Court has found that the Plaintiffs have stated a viable § 1983 claim against the Town. Thus, the Town cannot assert a

defense of absolute or qualified immunity and the Defendants' Motion in this regard is denied. Having determined that no immunity defense is available to the Town, the Court must address the immunity defenses raised by the individual defendants.

### 1. Absolute Immunity:

 With respect to Ms. Mauro, Mr. Barton and Mr. McKee (the "Individual Defendants"), the Defendants' Motion contends that they are entitled to absolute immunity because the alleged conduct was performed in their legislative capacities. The Second Circuit has provided that local legislators are entitled to absolute immunity for suits arising from actions taken within their lawful legislative authority.[2] *Orange Lake Assocs., Inc. v. Kirkpatrick,* 21 F.3d 1214, 1224 (2d Cir.1994). In the case at bar, the Plaintiffs have alleged that the Individual Defendants acted outside their legislative authority. Specifically, the Plaintiffs assert that the Individual Defendants intentionally violated, and actively sought to silence, their constitutional right to free speech. Further, the Plaintiffs allege that they were retaliated against by the Defendants for exercising their First Amendment rights. The Individual Defendants vehemently deny the above allegations; however, on a Rule 12(b)(6) motion, this Court must accept the Plaintiffs' allegations as true. To the extent the Plaintiffs' allegations are accepted as true, the Individual Defendants are not entitled to absolute immunity because such acts would be outside their legislative authority. Accordingly, the Defendants' Motion to dismiss the causes of action against the Individual Defendants on absolute immunity grounds is denied.

### 2. Qualified Immunity:

 The Individual Defendants also claim qualified immunity from the Plaintiffs' action. "Qualified immunity is an affirmative defense that shields government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Stephenson v. Doe,* 332 F.3d 68,76 (2d Cir.2003) (quoting *McCardle v. Haddad,* 131 F.3d 43, 50 (2d Cir.1997)). However, the Second Circuit has held that qualified immunity "turns on factual questions that cannot be resolved at [the motion to dismiss] stage of proceedings." *Taylor v. Vermont Dept. of Educ.,* 313 F.3d 768, 793 (2d Cir.2002) (denying the defendant's motion to dismiss on qualified immunity grounds). In *Stephenson* the court advised that a "defendant should press a qualified immunity defense during pretrial proceedings so that such a claim *can be disposed of by summary judgment* where possible, or factual disputes material to the defense can be identified and presented to the jury." *Stephenson* at 76 (emphasis added).

For the same reasons set forth above, in connection with the discussion of absolute immunity, any ruling regarding the availability of a qualified immunity defense would be premature at this time. Resolution of qualified immunity depends on the determination of certain factual questions that cannot be answered at this stage of the litigation. Whether or not the Plaintiffs' allegations are true shall be determined at the summary judgment and/or trial phases of this matter. Accordingly, dismissal for qualified immunity is not proper at this time and the Defendants'

---

**2.** Such town officials can only have absolute immunity against suit in their personal capac-

ities. *Kentucky v. Graham,* 473 U.S. 159, 167, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

Motion to dismiss on such grounds is denied.

### D. COMPENSATORY AND/OR PUNITIVE DAMAGES:

Finally, the Defendants argue that the Plaintiffs have failed to plead sufficient facts to warrant compensatory and/or punitive damages. (Defendants' Motion, Page 18). However, this Court finds any discussion of damages, compensatory, punitive or otherwise, to be premature at this time. Accordingly, the Defendants' Motion is denied to the extent it seeks to preclude certain categories of damages.[3]

### IV. *CONCLUSION:*

As set forth more fully above:

A. The Defendants' Motion to dismiss the Plaintiffs' First Amendment claim, with respect to the Facilities Policy, is denied.

B. The Defendants' Motion to dismiss the Plaintiffs' § 1983 claim for First Amendment retaliation is denied.

C. The Defendants' Motion to dismiss the Plaintiffs' § 1983 claim against the Town for municipal liability is denied.

D. The Defendants' Motion to dismiss the Plaintiffs' claims on absolute and/or qualified immunity grounds is denied.

E. The Defendants' Motion to preclude recovery of compensatory and/or punitive damages is denied.

It is so ordered.

---

**3.** The Court will be in a better position to make determinations regarding appropriate damages following discovery, the filing of summary judgment motions and/or trial. The Defendants may renew their motion with respect to damages at a subsequent stage of this litigation.